The next case on our calendar is Brenda Joyce Haynes, pro se, versus Mike Acquino and others. Thank you. Ms. Haynes, I want to assure you that we've read all the papers that you've filed, so you don't have to repeat facts that are in there. I'd like to say good morning, your honors. My name is Brenda Haynes. I'm appearing pro se in this matter. I am the plaintiff appellate. What we have before you today is a simple case of a miscarriage of justice through the violation of 28 U.S.C. 1738. The record in this case clearly shows that the plaintiff myself, plaintiff appellate, I was entitled to summary judgment because no triable issues of material facts were in dispute prior to district court's violation of 28 U.S.C. section 1738. And you can see the appendix, docket entry 94, attachment 2, which is the trial court order of dismissal of Judge Fiorulla, which states in part that the court has entertained this motion brought by Ms. Haynes this morning, because I brung a motion to dismiss the criminal charges. Ms. Haynes? I have a question. Sure. At trial, the magistrate judge excluded the finding of the district . . . of the court, never court, that there was no probable cause. They excluded that. You argued that on that basis of that previous decision, you should have won. Did you also suggest that this was relevant? You didn't determine that you should win, but that it was relevant to finding what the trial was on. You seem to say that in your papers now. Did you make that suggestion that they should have taken that into account? I'm saying that the magistrate, Fazio, he should have applied 1738 to Judge Figueroa's order because it was a final order, and it finally determined the issue of probable cause in my favor. So you should have taken it into account to some degree. Right. That was the thing, because he ruled that it was . . . I'm going to grant Ms. Haynes' trial order of dismissal based on the people having lack of probable cause for the initial arrest, that they did have no probable cause at the initial arrest. And so, if he would have given that order full faith and credit, then I would have had summary judgment granted to me because there wasn't no issues. The only issue before the court, after he redacted this court order, he redacted the order and took out the determination of the judge. He took that determination out. That was in my favor. That's why I brought the lawsuit, because the judge determined that I was arrested and assaulted without probable cause or a warrant in that matter. The next thing the record shows is that I was entitled to summary judgment based on that, and not only that, that the defendants was not entitled to immunity. It took them eight years to come up with this scheme. I followed the motion and everything. I moved for summary judgment a long time ago. It took eight years to bring the case to trial, and there was never no issues. And then the way the issue became an issue, because when the court redacted the probable cause determination, then he gave that determination to the jury to decide a matter of law to the jury via his special interrogatories and his questionnaire. And in essence, I got convicted all over again, because the questionnaire, they found that I was committing acts of disorderly conduct and everything. So I got convicted all over again, even though the- Your time has expired. Did you have a question, Judge Calabresi? I'm sorry? Did you have a question? No. Your time has expired, but you have reserved one minute for rebuttal. So we will hear from Buffalo. Good morning, Your Honor. May it please the court. Robert Quinn on behalf of the defendant appellees. I'll address Your Honor's question first. At the time Judge Fascio made his decision on Judge Fiorella's trial court order, Ms. Haynes was represented by counsel at that time. It is my recollection that they did not raise your concern that it be offered for evidence of something else other than the fact that, and plaintiff reiterated it here today, what she was really seeking was summary judgment. She was seeking summary judgment on that issue. It was, but didn't the district court also say that it was irrelevant? My problem is, if that was somehow before the district judge, the magistrate judge, as it happened, and he said it was irrelevant, then the balancing of how relevant and how prejudicial is very hard to see that it was made. Because if somebody says something is irrelevant, it's very hard to know how they balance the degree of relevance as against degree of prejudice, because it's zero. It may well be that if you say this is irrelevant, and it's hard for me to see as a logical matter that it isn't relevant, it wasn't determinative because it wasn't the right parties and so on, then it's hard to see that it wasn't a relevant fact. The question of how relevant against prejudice is something for the district court to decide. But I have problems seeing that that balancing was done when the magistrate judge said it isn't relevant at all. Do you see my problem? I think what Judge Fascio was doing was being overly cautious. He took the next step and said, I don't think this is relevant. And I think he was right on that point. Under Federal Rules of Evidence 401, what you basically have, if it's not res judicata, if it's not collateral estoppel, you just have an opinion. You have someone's opinion who was not a witness to the incident of the case. He's not the presiding judge. It has no relevance because it is not determinative. It's just an opinion of a judge who is not in this proceeding. And to take it a step further, because it is not relevant, and you do have an opinion of a judge, it's certainly prejudicial that the jury hearing this might think, well, this judge who is entitled to a great degree of respect . . . At that point, a decision maker, a magistrate judge, says, you know, logically, if we were just thinking logically, if your life depended on getting right, whether there was probable cause or not, would you want to know that there had been this decision? Wouldn't you think that that would be something you'd kind of like to know? Now, whether it is too dangerous and its logical relevance is overcome by prejudice, possible prejudice, that's another matter. That's a decision which we usually leave to the district judge to make and so on. But the notion that this isn't logically relevant is something that is kind of troublesome to me because if I were in the situation my life depended on, I'd kind of like to know that that district person had found no probable cause. I think it's . . . respectfully, I think it's the opposite, Your Honor. I think it's so prejudicial because it is not relevant. It is just an opinion of a court that we were not . . . I was not there. The defendants were not there. The defendants were not able to put on their case. The defendants were not able to make their arguments. That's why the argument that it is determinative is, I think, correctly a losing argument. And to take it . . . and then I apologize if I'm reiterating myself. But because of that, because I wasn't afforded those opportunities, because my clients weren't afforded those opportunities, to then use that against them is not only not relevant, but it is extremely prejudicial. I'm not even saying that it should ultimately be admitted. I would like a district judge to make the balance based on how logically relevant is it as against how prejudicial. And what can I do to diminish the prejudice? And if I decide I can't, then to exclude it. And we've been very supportive of the conclusions of a district judge when they do that. But I'm always troubled by situations in which a district judge says, this is not relevant, and then I balance it. Because I don't understand how you can balance in a situation like that. As I indicated, I think he's being overly cautious. And to take it a step further, I think it's taking the function of the jury away from them. They made a determination as to what happened based on the testimony of the actual witnesses and participants in this case. And they spoke loudly and clearly in the jury questionnaire and the special interrogatories on these issues of fact. And based on that, they determined, as is their function, that there was probable cause to arrest. And taking it even a step further, based on those factual determinations, Judge Fascio decided, again, going further in an expression of caution, decided that the defendants were entitled to judgment as a matter of law on the qualified immunity issue. So with all those things being said, I think the judgment should stand, and for all the reasons set forth in my brief. Thank you, counsel. Thank you. Ms. Haynes, you've retained one minute for rebuttal. Yes, I'd like to say that with respect to the officer was the arresting officer, and he was the complainant. So I think he had opportunity to put forth his defense in the other court, because he arrested me without a warrant or probable cause. Was he caused as a witness? No, he never testified in the court. He never testified in the criminal court, but he was testified in the district court. Who testified? Officer Aquino. He was the arresting officer and the complainant. And he didn't come to court? He didn't testify in criminal court. He never took the stand in criminal court. Never. But when he came to federal court, he said he did testify in criminal court, but he told a story, a lie. He never testified. The record clearly shows he never testified, and he was the one who false arrested me. He was the one who assaulted me. He was the one who initiated everything. All the other officers came to assist him when they assaulted me. This lawsuit was in 1983. It was based on arrest without a warrant or probable cause. It was a false arrest, basically. And I don't understand how come the judge determined that it wasn't no probable cause. That was my determination. And they took the appeal. They said they didn't have a chance to argue, but they took the appeal and actually won. And then it came back again, and then the judge told them, the county court instructed them, make sure you look, he instructed Figueroa, look and see the credibility of the officers and make your ruling after you determine the credibility of the officers. That's what he instructed Judge Figueroa to do. And when it came back to court, and that's what Judge Figueroa did. Right here in the transcript it says, Officer Resnick testified that he made an arrest for, they arrested her for disorderly conduct, and he also testified there was no one at the bus stop where the arrest was made. So I am going to determine that there was no probable cause and the case is dismissed. That was after an appeal that they won, that his clients had put everything forward, going back and forth because they said it was a probable cause. They said they had it and they didn't. So the judge told him, Figueroa, to determine whether you had probable cause and to look at the credibility of the officers when you make that ruling. And that's exactly what Figueroa had done, and he came down with his ruling that they had absolutely no probable cause at the initial arrest. And that's what he determined. You made a very powerful argument. Thank you. I appreciate it. For appearing in court. A will reserve decision.